# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHAUN K. BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-0030-JMS-WGH |
| | ) | |
| COSSA-RHODES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Shaun K. Booth, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Booth has sued members of the Management Review Committee at the prison where he is confined for their roles in deciding to place him in the Blue/Gold Program without due process. Booth alleges that the Blue/Gold Program is an isolated lockdown behavior modification program which imposes an atypical hardship by restricting every aspect of his daily life. In addition, Booth alleges that

the program was not promulgated in accordance with Federal Law or Bureau of Prisons rules. He seeks money damages.

The facts alleged in the complaint are insufficient to support a claim of denial of due process. The plaintiff shall have through **April 10, 2012,** in which to supplement his complaint with factual allegations which support his claim that the conditions of his confinement in the Blue/Gold Progam impose an atypical and significant hardship in relation to the ordinary incidents of prison life. This is the due process standard established by *Sandin v. Conner,* 515 U.S. 472 (1995), and it is that standard which must be met if a plausible claim is to be asserted.

**IT IS SO ORDERED.**

Date: 03/09/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun K. Booth
R11145-078
Terre Haute FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808