# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAUN K. BOOTH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) 2:12-cv-0030-JMS-WGH |
| T.K. COZZA-RHODES, et al., | ) ) ) |
| Defendants. | ) |

### Entry Discussing Motion for Appointment of Counsel and for Certification of Class Action

**I.**

The plaintiff's motion for appointment of counsel [11] has been considered. The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. Although the court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue his own effort.

The court proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655. At this point, based on the plaintiff's comprehensible filings, his use of the court's processes, his familiarity with both the factual circumstances surrounding his claims and with the legal issues associated with those claims, the plaintiff is competent to litigate on his own.

Based on the foregoing, the plaintiff's motion for appointment of counsel [11] is **denied.**

# II.

The plaintiff has filed a motion for class certification. The plaintiff is confined at the United State Penitentiary in Terre Haute, Indiana. He alleges that his due process rights were violated when he was placed in the Blue/Gold ("BG") Program after he was found guilty of a prison rule infraction. The proposed class consists of present and future inmates who have been confined in the BG Program at USP Terre Haute.

Rule 23(a) of the *Federal Rules of Civil Procedure* establishes four prerequisites for class certification: "(1) [that] the class is so numerous that joinder of all its members is impracticable, (2) [that] there are questions of law or fact common to the class, (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) [that] the representative parties will fairly and adequately protect the interests of the class." *Fed.R.Civ.P.* 23(a). Class certification is not appropriate unless the named plaintiff establishes all four prerequisites. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982).

Due process mandates that the fourth requirement--competent representation--be "stringently applied," because "members of [a] class are bound [by the judgment in a class action suit] unless they exercise their option to be excluded, even though they may not be actually aware of the proceedings." *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 463-64 (10th Cir. 1974); *Mechigian v. Art Capital Corp.*, 612 F. Supp. 1421, 432 (S.D.N.Y. 1985). Adequacy of representation is measured by a two-pronged test: there must be an "absence of . . . potential conflict between the named plaintiffs and the absent class members," and "the parties' attorneys [must] be qualified, experienced, and generally able to conduct the proposed litigation." *Margolis v. Caterpillar, Inc.*, 815 F. Supp. 1150, 1157 (C.D.Ill. 1991).

The plaintiff meets neither prong. First, he is a member of the class he seeks to represent, and courts have held that "the potential for conflicts of interest militates against certifying a class in which the class representatives seek to also act as class counsel." *Loden v. Edgar*, 1994 WL 97726, at *1 (N.D.Ill. Mar. 22, 1994); *see also Wagner v. Taylor*, 836 F.2d 578, 595-96 & n.126 (D.C.Cir. 1987). Second, the plaintiff is a *pro se* litigant and asserts that if the court grants class certification, he would need to have the court appoint counsel. The plaintiff's request for the appointment of counsel has been denied. *See Lasley v. Godinez*, 833 F.Supp. 714, 715 n.1 (N.D.Ill. 1993) (pro se prisoners could not adequately represent class of inmates); *Turner-El v. Illinois Bd. of Education*, 1994 WL 27874, at *1 (N.D.Ill. Jan. 31, 1994) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant.")(*citing Phillips v. Tobin*, 548 F.2d

408, 413-14 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D.Wis. 1983)).

On the basis of the foregoing, therefore, the plaintiff=s motion for class certification [11] is **denied.**

**IT IS SO ORDERED.**

Date: 06/27/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun K. Booth
No. 11145-078
USP Terre Haute
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808