UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHAUN K. BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-0030-JMS-WGH |
| | ) | |
| T.K. COZZA-RHODES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

Shaun Booth brings this action against employees of the Federal Bureau of Prisons ("BOP") claiming that they violated his right to due process when they transferred him to the Blue/Gold program at the Federal Correctional Center in Terre Haute, Indiana. He seeks damages compensatory and punitive damages.

Booth was an inmate at the United States Penitentiary in Terre Haute from July 29, 2009 through September 11, 2012, when he was transferred to a community corrections facility in Texas. Booth's action is brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The defendants have appeared in the action and have filed a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* Booth has not responded to the motion to dismiss even the he was afforded an extension of time to do so. [Dkt. 32.]

**B.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is sufficient if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir. 2010). On the other hand, a plaintiff "can plead himself out of court by

pleading facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823 (7th Cir. 2011).

"When presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support his cause of action." *County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006). For that reason, if a plaintiff does not respond, and the court is "given plausible reasons for dismissing a complaint, [it is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1042 (7th Cir. 1999). Here, Booth has "effectively abandon[ed] the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011)(citing *Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir. 2005) (noting that a complaint may be compliant with the notice pleading requirements of Rule 8(a)(2), yet be subject to dismissal where a plaintiff does not file a brief supporting the legal adequacy of the complaint)).

## C.

*Bivens* Aauthorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . .@ *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). "[T]he first step in any ['1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005)(A[C]onstitutional claims must be addressed under the most applicable provision.@).

A prisoner can show a Fourteenth Amendment liberty interest--a Fifth Amendment interest in the instance of a federal inmate such as Booth--only if he alleges a change in confinement that imposes an Aatypical and significant hardship . . . in relation to the ordinary incidents of prison life.@ *Sandin v. Conner,* 515 U.S. 472, 484 (1995). AIn the absence of such ›atypical and significant= deprivations, the procedural protections of the Due Process Clause will not be triggered.@ *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005). Booth's assignment to the Blue/Gold unit occurred after a hearing was conducted, although even if it had not the assignment would not have implicated the Fifth Amendment's guarantee of due process. *See Crowder v. True*, 74 F.3d 812, 815 (7th Cir. 1996)(concluding that, under *Sandin,* 28 C.F.R. ' 541.22 does not create a constitutionally protected liberty interest; administrative segregation for a federal prisoner does not constitute a "grievous loss" of liberty).

As to the conditions of Booth's confinement, the constitutional provision pertinent to such a claim is the Eighth Amendment=s proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To succeed on a conditions of confinement claim under the Eighth Amendment, a plaintiff must demonstrate that 1) he or she was incarcerated under conditions that posed a

substantial risk of serious harm and 2) the defendant was deliberately indifferent to that risk. *Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir. 2008)(*citing Farmer,* 511 U.S. at 834). In this context, a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. "Deliberate indifference" requires a showing of the official's subjective awareness of the risk. *Id.* at 829.

"The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). In this case, the restrictive programming associated with assignment to the Blue/Gold program did not give rise to conditions which deprived Booth of the "minimal civilized measures of life's necessities." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 -665 (7th Cir. 2012). No other inquiry is necessary. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

### D.

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley,* 482 U.S. 78, 84 (1987). No such claim is asserted here, however, and no action lies under a *Bivens* theory unless a plaintiff has asserted the violation of a federal right. *See Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987)(to maintain an action under 28 U.S.C. § 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute"). Accordingly, and without a word from Booth otherwise, the complaint fails to state a claim upon which relief can be granted. *See Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court"), *cert. denied,* 511 U.S. 1084 (1994). The defendants' motion to dismiss [26]] is **granted.**

### II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/02/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun K. Booth
No. 11145-078
County Rehabilitation Center, Inc.
P. O. Box 5455
Tyler, TX  75712

All electronically registered counsel